Powdrell & Alexander, Inc.
vs.
Field's Point Manufacturing Corporation
Law No. 78869.

## DECISION

### January 31, 1933.

WALSH, J. Heard on motion to file additional pleas setting up certain statutes of the State of Connecticut.

This is an action of negligence in which the defendant is charged with furnishing certain defective appliances for the use of plaintiff, by reason of which plaintiff's servant was injured by the escape of chlorine gas, became sick therefrom and later died therefrom.

The action is apparently based upon the Connecticut statute on death by wrongful act (General Statutes of Connecticut, Revision of 1918, Section

6137). The proviso in this section reads as follows:—"Provided, no action shall be brought under this section but within one year from the neglect complained of."

The declaration in the case of Powdrell & Alexander alleges the date of the injury to their servant, Olympia Kuna, to be October 2, 1927. The declaration of the representative of the estate of Olympia Kuna, who was allowed to intervene as party plaintiff in the present case, sets forth the date of injury to decedent as November 9, 1927. The date of the Powdrell & Alexander, Inc., writ is December 14, 1928; plaintiff Kuna was allowed to intervene on March 6, 1929.

Counsel for defendant filed pleas of the general issue and avers that after filing said pleas, he discovered for the first time the exact phraseology of the Connecticut statute and seeks now our permission to file special pleas raising the question of the operation of the Connecticut statute.

Where a statute gives a right of action which did not exist at common law and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right—it is a limitation of the liability itself as created and not of the remedy alone and must be strictly complied with.

Statutes on death by wrongful act which limit the time within which action must be brought are not properly statutes of limitation as that term is generally understood but are qualifications and conditions restricting the rights granted and must be strictly complied with and no explanation of failure to sue within the period will avail the plaintiff. The cause of action created by the death statute in Connecticut is the same cause of action on which decedent might have sued had he lived; in the event of death, the death becomes an additional element of damage recoverable because of the wrongful act.

If the defendant under the special pleas can show facts proving that the action in either case was not brought in conformity with the statute, then the defendant would be entitled to a verdict. It may be contended that it is possible to show such facts under a plea of the general issue which has already been filed in this case. There is much law to the effect that the defence of the statute of limitations must be specially pleaded, and it seems to us that in the interest of dispatch and to avoid duplication of effort, it might be well to allow these special pleas to be filed in the instant case.

Motion to file special pleas granted.

Attorneys for plaintiff: Hinckley, Allen, Tillinghast, Phillips & Wheeler.

Attorneys for defendant: Henshaw, Lindemuth & Baker.